UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ESTHER JONES,
   Plaintiff,

v.     Civil No. 3:10-cv-262 (CSH)

REGENT ASSET MANAGEMENT
SOLUTIONS, INC.,
   Defendant.

## ORDER TO SHOW CAUSE

On February 23, 2010, Plaintiff Esther Jones filed a complaint alleging that in July 2009, Defendant Regent Asset Management Solutions, Inc. attempted to collect on accounts which had been discharged in bankruptcy in 2004, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") and the Connecticut Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-645 ("CCPA"). [Doc. 1] Defendant was served on April 14, 2010. [Doc. 4] On May 11, 2010, default was entered pursuant to Federal Rule of Civil Procedure 55(a) against Defendant for failure to appear or otherwise defend. [Doc. 6]

On May 26, 2010, Plaintiff moved for entry of default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b). [Doc. 7] On June 25, 2010, Plaintiff's Motion for Default Judgment was granted [Doc. 8], and default judgment entered against Defendant Regent Asset Management Solutions, Inc. in the amount of **$6,542.70**. [Doc. 9]

On October 15, 2010, Plaintiff moved to compel Defendant to respond to Plaintiff's post-judgment discovery requests seeking information about income and assets in order to enforce the judgment. [Doc. 10] That motion to compel was granted on December 13, 2010, no brief in opposition having been filed, and Defendant was ordered to pay the judgment in full or to respond to Plaintiff's post-judgment discovery by January 7, 2011 [Doc. 11], which it has not

done.

Plaintiff now moves for an Order to Show Cause and for sanctions against Defendant for failure to pay the judgment and for failure to comply with the Court's order that it respond to post-judgment discovery. [Doc. 12] Specifically, Plaintiff requests that the Court find Defendant in civil contempt, impose upon Defendant a fine of up to $1,000 for every day after the Court's order that Defendant fails to comply therewith, and award Plaintiff her costs and fees in maintaining this proceeding, to the extent they were not included in the previous judgment. Should a representative of Defendant fail to appear at the Order to Show Cause hearing, Plaintiff requests that the Court hold Defendant's CEO, Michael Scata, in contempt and issue a warrant for his arrest.

IT IS HEREBY ORDERED that Defendant shall appear before the United States District Court for the District of Connecticut, at the Connecticut Financial Center, 17th Floor, 157 Church Street, New Haven, CT before Judge Charles S. Haight, Jr., on **March 23, 2011** at 11:00 a.m., to show cause why the sanctions sought by Plaintiff, as outlined above, should not be granted.

IT IS FURTHER ORDERED that Defendant file and serve any written response to Plaintiff's Motion for Sanctions on or before **March 18, 2011**, showing cause why the relief prayed for therein should not be granted.

IT IS FURTHER ORDERED that Plaintiff shall make service of this Order to Show Cause upon Defendant, in the manner previously utilized for service of the summons and complaint, on or before **February 28, 2011**. Plaintiff shall also mail a copy of this Order to

Defendant's CEO Michael Scata, to Attorney Aimee C. Bataillon,[1] and to any other counsel for or representatives of Defendant with whom Plaintiff's counsel has had contact or is aware. Plaintiff shall certify to the Court that she has complied.

SO ORDERED.

Dated at New Haven, Connecticut, February 17, 2011.

                                                            */s/ Charles S. Haight, Jr.*
                                                            Charles S. Haight, Jr.
                                                            Senior United States District Judge

---

[1] Plaintiff states that Ms. Bataillon is Defendant's former counsel, although no attorney has filed any appearance on behalf of Defendant in this case. The Court requests that if Ms. Bataillon knows who Defendant's current counsel is, that she inform Plaintiff who it is (assuming she has not already done so), so that Plaintiff may transmit this Order to that counsel.