## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ESTHER JONES, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:10-cv-262 (CSH) |
| w | : | |
| REGENT ASSET MANAGEMENT | : | |
| SOLUTIONS, INC., | : | |
| Defendant. | : | |

### ORDER REGARDING MOTION TO QUASH CAPIAS

On February 23, 2010, Plaintiff Esther Jones filed a complaint alleging that in July 2009, Defendant Regent Asset Management Solutions, Inc. ("Regent") attempted to collect on accounts which had been discharged in bankruptcy in 2004, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") and the Connecticut Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-645 ("CCPA").  [Doc. 1]  Defendant was served on April 14, 2010. [Doc. 4]  On May 11, 2010, default was entered pursuant to Federal Rule of Civil Procedure 55(a) against Defendant for failure to appear or otherwise defend.  [Doc. 6]

On May 26, 2010, Plaintiff moved for entry of default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b).  [Doc. 7]  On June 25, 2010, Plaintiff's Motion for Default Judgment was granted [Doc. 8], and default judgment entered against Defendant Regent Asset Management Solutions, Inc. in the amount of $6,542.70.  [Doc. 9]

On October 15, 2010, Plaintiff moved to compel Defendant to respond to Plaintiff's post-judgment discovery requests seeking information about income and assets in order to enforce the judgment. [Doc. 11], neither of which it has done.

On January 18, 2011, Plaintiff moved for an Order to Show Cause and for sanctions against Defendant for failure to pay the judgment and for failure to comply with the Court's order

that it respond to post-judgment discovery. [Doc. 12]  Specifically, Plaintiff requested that the Court find Defendant in civil contempt, impose upon Defendant a fine of up to $1,000 for every day after the Court's order that Defendant fails to comply therewith, and award Plaintiff her costs and fees in maintaining this proceeding, to the extent they were not included in the previous judgment.  Plaintiff further requested that**,** should a representative of Defendant fail to appear at the Order to Show Cause hearing, the Court hold Defendant's CEO, one Michael Scata, in contempt and issue a warrant for his arrest.

On February 18, 2011, the Court issued an Amended Order to Show Cause[1] [Doc. 14], setting forth the history of the case and the relief requested by Plaintiff, including Scata's arrest. The Court ordered Defendant to appear on March 24, 2011 at 11:00 a.m. to show cause why the sanctions sought by Plaintiff, as outlined above, should not be granted.  *Id.*  The Court ordered Plaintiff to serve the Amended Order to Show Cause upon Defendant, in the manner previously utilized for service of the summons and complaint, on or before February 28, 2011, and to mail copies of the order to Scata and to "any other counsel for or representatives of Defendant with whom Plaintiff's counsel has had contact or is aware," although none had appeared in this case. Plaintiff was directed to certify to the Court that she had complied with these orders regarding service of the Amended Order to Show Cause**.**  Plaintiff has filed that certification.  [See Docs. 15 & 16]  In addition to making formal service of the Amended Order to Show Cause on Defendant Regent Asset Management Solutions, Inc., Plaintiff also mailed a copy to Scata at his last known business address, 7290 Samuel Drive, # 300, Denver, CO 80221.  In addition,

---

[1] The Amended Order to Show Cause, issued one day after the initial Order to Show Cause, was necessary in order to change the date of the hearing from March 23 to March 24 in light of a scheduling conflict on the part of the Court.

2

Plaintiff mailed and emailed the Amended Order to persons who were believed to be Defendant's former and current counsel, Aimee Bataillon of Omaha, Nebraska and D. Scott Carruthers of Stanton, California, respectively, although no one has filed an appearance for Defendant in this matter.

Neither Scata nor any other representative of Defendant appeared as ordered for the hearing on March 24, 2011.  At the hearing, the Court recited the history of the case and heard argument from Plaintiff's lawyer.  The Court questioned whether it was appropriate, given that Michael Scata is not named as an individual defendant in this action, to pierce the corporate veil and hold him personally liable for the failure of the corporate defendant, Regent Asset Management Solutions, Inc., to pay the default judgment against it and to comply with post-judgment discovery as ordered.

In response, Plaintiff's attorney submitted a brief excerpt from the transcript from a December 15, 2009 deposition of Michael Scata as the Rule 30(b)(6) representative of Defendant Regent Management Solutions, Inc., in a case before the United States District Court for the District of Nebraska, captioned Laraine Harris and Eric Mattea v. D. Scott Carruthers & Assoc., Regent Asset Management Solutions, and United Management Corp., Case No. 8:09-CV-154. The Court marked that deposition transcript excerpt as Plaintiff's Exhibit 1. [Doc. 18] During that deposition, according to the excerpt, Scata testified that he was president, CEO, treasurer, and secretary of Regent, that he "personally own[s] all of the Regent corporation," and that there were no other stockholders.  (Scata Deposition at p. 21.)

As the Second Circuit Court of Appeals has stated:

It is well settled that "A command to a corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If

they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt."

*NLRB v. Hopwood Retinning Co.*, 104 F.2d 302, 305 (2d Cir. 1939) (quoting *Wilson v. United States*, 221 U.S. 361, 376 (1911)) (holding that "As an important officer and agent of the Hopwood Company, [Mr.] Hopwood should be held for his company's non-compliance with the court's order.).  As Judge Droney has observed in a case related to the instant one:

> Pursuant to 18 U.S.C. §401, a federal court has the "power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority" as "disobedience or resistance to its lawful writ, process, order, rule, decree or command." In addition, Federal Rule of Civil Procedure 37(b)(2)(A)(vii) provides for "treating as contempt of court the failure to obey any order." "A court's inherent power to hold a party in civil contempt may be exercised only when (1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply." *New York State Nat'l Org. For Woman v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989). If a finding of contempt is made, a federal district court "possesses broad inherent power to protect the administration of justice by levying sanctions in response to abusive litigation practices." *Penthouse Inter., Ltd. v. Playboy Enterprises, Inc.*, 663 F.2d 371, 386 (2d Cir. 1981).

*Jones v. Carruthers*, 2011 U.S. Dist. LEXIS 10652, 3-4 (D. Conn. Feb. 4, 2011).

In the case at bar, it appeared from the record before the Court at the conclusion of the March 24, 2011 hearing that there was a strong degree of identity between Defendant Regent Asset Management Solutions, Inc. and its President, CEO, and sole stockholder**,** Michael Scata. Given Regent's and Scata's failure to pay the judgment, failure to comply with post-judgment discovery orders, and failure to appear at the March 24 hearing despite proper notice to both the company and Scata personally, the Court deemed it a proper exercise of its discretion to hold Regent and Michael Scata in civil contempt. Accordingly, at the conclusion of the hearing, the

4

Court ruled from the bench, granting Plaintiff's motion for sanctions. [Doc. 17]   The sanctions imposed were the imposition of a fine of $1,000.00 for each day after March 24, 2011 on which Defendant failed to either pay the default judgment plus sanctions or comply with post-judgment discovery**.**

The Court also deemed it appropriate on that record to order the arrest of Michael Scata. Accordingly, a capias warrant for the arrest of Scata was issued on March 25, 2011, with the direction that he be brought to appear to answer for the judgment against Defendant and the sanctions that have been imposed.  [Doc. 19]

On April 14, 2011, before the warrant had been executed, Attorney Joseph James Blyskal, III filed an appearance on behalf of Scata [Doc. 20], along with an Emergency Motion to Stay Execution of the Capias Warrant [Doc. 21] and the instant Emergency Motion to Quash Capias, for a Protective Order, and to Vacate Sanctions Order. [Doc. 24]

On April 15, 2011, the Court granted the Emergency Motion to Stay Execution of the Capias Warrant pending the completion of briefing on the underlying motion to quash the warrant. [Docs. 27 & 28]  That briefing is now complete.

Scata offers several arguments as to why the capias must be quashed, the sanctions set aside, and a protective order issued "protecting him from further harassment and misuse of the post-judgment discovery process." [Doc. 25 at 1]  First, Scata contends that "the current efforts by Plaintiff's attorney are harassing, burdensome, expensive and embarrassing to Scata.  Scata has never been a party to this case, and never received service of the post-judgment papers until recently." [Doc. 25 at 5]  Scata further contends that "at all times, the [Regent] company was operated as a separate legal entity, and there are no grounds for holding Scata for the company's

5

debts or failure to appear." [Doc. 25 at 7]  Scata swears that he "resigned as the Chief Executive

Officer of Regent on July 2, 2010" (Scata Affidavit [Doc. 23] at ¶ 8) and that he "first learned of

the above-captioned lawsuit in April, 2011."  (Scata Affidavit [Doc. 23] at ¶ 13).  He further

maintains that Regent was never properly served and that there are various defects in and

defenses to the underlying suit.  He contends that he has now complied with the Court's orders

by responding to Plaintiff's post-judgment discovery.  Finally, he argues that the default

judgment is not a final judgment and the efforts to enforce it have been premature.[2]

      Contrary to Scata's arguments, Defendant Regent was properly served.  Under

Connecticut law, "In actions against a private corporation established under the laws of any other

state . . . , service of process may be made upon any of the aforesaid officers or agents, or upon

the agent of the corporation appointed pursuant to section 33-922." Conn. Gen. Stat. § 52-57(c).

Pursuant to Section 33-922, Regent, a Colorado corporation, appointed the Connecticut Secretary

of State as its agent for service of process.  On April 14, 2010, Plaintiff made service upon the

Secretary of the summons and complaint against Regent.  [Doc. 4]  According to business

records available on the website of the Commercial Recording Division of Connecticut Secretary

of the State,[3] Michael Scata was at the time of service and is currently the President and Director

---

    [2] This last argument is made in Scata's "Supplemental (Corrective) Memorandum of Law
in Support of Michael Scata's Motion to Quash Capias, for Protective Order, and to Violate
Sanctions" [Doc. 29], which replaces Section E. of "Michael Scata's Memorandum of Law in
Support of Emergency Motion to Quash Capias, for Protective Order, and to Vacate Sanctions
Order." [Doc. 25]  A default judgment is a final judgment.  The case had been closed and no
further proceedings were contemplated.

    [3] http://www.concord-sots.ct.gov/CONCORD/online?sn=InquiryServlet&eid=99.

of Defendant Regent Asset Management Solutions, Inc.  (Pl.'s Ex. G.)[4]

Scata now maintains that he was entirely unaware of the pendency of this lawsuit against the company of which he was President and Director, notwithstanding that proper service had been effected upon said company.  He also claims that he resigned as the Chief Executive Officer of Regent on July 2, 2010. (Scata Affidavit [Doc. 23] at ¶ 8.  *See also* Scata Ex. B [Doc. 23-2].) Notably, that was after the complaint in this case was served on April 14, 2010, and after default judgment entered on June 28, 2010.  Notwithstanding the purported resignation, Scata remained the agent for service for Defendant Regent in its home state of Colorado until January 14, 2011 (Scata Ex. A [Doc. 23-1]; Pl.'s Ex. A.), which was after the Court had ordered Regent to comply with post-judgment discovery, and, as noted above, Scata remains listed as Regent's President and Director in Connecticut's records to this day.[5]

Given these facts, it is difficult to credit Scata's assertion that he was unaware of the lawsuit against Regent or the Court's orders that he personally appear for the show cause hearing, until the capias was issued.  He claims to have discharged his duty to obey the Court's orders by responding belatedly to Plaintiff's post-judgment discovery request.  However, a review of his response reveals that in answer to each request, he has stated "overly broad and burdensome," "not available," or "not relevant to this case." [Doc. 23-3]  It is difficult to credit Scata's

---

[4] Scata objects to the Court's taking judicial notice of various publicly available business records of Defendant Regent which were submitted by Plaintiff, but Scata himself has submitted precisely this type of document.  See Scata Ex. A [Doc. 23-1].  The objection is overruled.

[5] Scata further claims, "As far as I know, Regent is no longer operational." (Scata Affidavit [Doc. 23] at ¶ 12.)  However, in addition to the two states already discussed, Regent Asset Management Solutions, Inc. is also active and in good standing in Kansas (Pl.'s Ex. B), and Scata's names appears on the Kansas corporate records for Regent Asset Management Solutions - Kansas, LLC and Regent Asset Management Solutions North America, LLC.  *Id.*

assertion that these obstructionist non-responses constitute the full extent of his knowledge regarding the assets and liabilities of Regent.  Further, as Plaintiff notes, these responses are unsigned and unsworn.

The several issues discussed in this Ruling cannot be resolved on the present record. Accordingly, IT IS HEREBY ORDERED that Scata, his counsel, and Plaintiff's counsel shall appear before the United States District Court for the District of Connecticut, at the Connecticut Financial Center, 17th Floor, 157 Church Street, New Haven, Connecticut before Judge Charles S. Haight, Jr., on **June 20, 2011** at 1:00 p.m., for a hearing on Scata's Motion to Quash Capias, for a Protective Order, and to Vacate Sanctions Order. [Doc. 24]  The current stay on the execution of the capias shall remain in place until the hearing.

Should Scata and/or Regent decide, in light of the analysis set forth herein, to satisfy the default judgment of $6,542.70, plus $1,000.00 to cover Plaintiff's additional attorney's fees and costs incurred in collecting the judgment, then the Court will cancel the hearing, quash the capias, and vacate the $1,000.00 per day sanction that was imposed when Scata was found in civil contempt and which continues to accrue.  If payment of $7,542.70 is received on or before **June 14, 2011,** Plaintiff is directed to immediately file a notice that the judgment has been satisfied, failing which the June 20 hearing will go forward.

SO ORDERED.

Dated at New Haven, Connecticut, May 24, 2011.

_/s/ Charles S. Haight, Jr._
Charles S. Haight, Jr.
Senior United States District Judge

8